ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2006 APR 19 PM 1: 48

DUBLIN DIVISION

CLERK _____
SO. DIST. OF GA.

LUIS FRANCISCO ALBA,          )
                             )
          Plaintiff,          )
                             )
     v.                      )     CV  305-159
                             )
SUSAN MONTFORD, et al.,       )
                             )
          Defendants.         )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff has filed a complaint pursuant to Bivens v. Six Unknown Federal Narcotics

Agents, 403 U.S. 388 (1971).[1] The Court allowed Plaintiff to proceed *in forma pauperis*, and

his complaint accordingly must be screened before process is served on Defendants.

Pleadings drafted by *pro se* litigants must be construed liberally, Haines v. Kerner, 404 U.S.

519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is

frivolous or malicious or that fails to state a claim upon which relief may be granted.  28

U.S.C. §§ 1915(e) & 1915A.  For the following reasons, the Court recommends that

---

[1] Ostensibly, Plaintiff brings the instant case pursuant to 42 U.S.C. § 1983. (See doc. no. 1, pp. 30-31). However, Plaintiff's reliance upon § 1983 is inapposite because § 1983 authorizes claims alleging the deprivation of constitutional rights by persons acting under color of *state* law. Simply put, Plaintiff "is unable to show that any of the defendants were acting under color of state law for the simple reason that maintaining custody of *federal* prisoners is neither a power 'possessed by virtue of *state* law' nor one that has been 'traditionally exclusively reserved to the *state*.' The authority to maintain custody of federal prisoners is one created by federal law and reserved solely to the federal government. Therefore, [Plaintiff's] § 1983 claims are not viable." Sarro v. Cornell Corrections, Inc., 248 F. Supp.2d 52, 64 (D.R.I. 2003). Accordingly, the Court will construe Plaintiff's complaint broadly as an attempt to state a claim under Bivens.

Plaintiff's complaint be **DISMISSED** and that this civil action be **CLOSED**.

## I.     BACKGROUND

*Liberally* construing the complaint, the Court finds the following.  Plaintiff is a

federal inmate at the McRae Correctional Facility ("McRae") in McRae, Georgia, a private

prison operated by the Corrections Corporation of America ("CCA").[2]  Plaintiff has sued the

following individual employees of CCA: (1) Susan Montford ("Montford"), McRae's Health

Services Administrator, (2) Dr. Joan Roy ("Roy"), the Clinical Director at McRae, (3)

Michael V. Pugh ("Pugh"), the Warden at McRae, (4) John Gluch ("Gluch"), the Division

Managing Director for CCA, (5) Dr. Littman ("Littman"), a member of the Health Services

Committee at McRae, and (6) Clara Yawn, another  member of the Health Services

Committee at McRae.  Plaintiff alleges that Defendants violated his Eighth Amendment

rights when they were deliberately indifferent to his serious medical needs by refusing to give

him surgery to repair his damaged vocal cords.  (Doc. no. 1, p. 37).  According to Plaintiff,

his vocal cords were damaged during a "right thyroid lobectomy" performed on November

20, 2003.  (Id.).  Because of this injury, Plaintiff is hoarse and can speak only with painful

difficulty.  (Id. at 17).

Plaintiff maintains that, although specialists have recommended "thyroplasty" to

repair the damage and restore his ability to speak, Defendants have refused to provide the

surgery as "not medically necessary."  (Id. at 15).  As relief, Plaintiff seeks a court order

requiring Defendants to schedule his desired "phonosurgery."  (Id.).  Plaintiff also seeks

---

[2]CCA is a private corporation which has contracted with the Federal Bureau of
Prisons ("Bureau") to house federal prisoners at McRae.

monetary damages of $5 million. (Id. at 42). The Court resolves the matter as follows.

## II.   DISCUSSION

Plaintiff attempts to hold the individual employees of a privately operated prison liable for alleged violations of his constitutional rights under Bivens. Thus, the instant case raises a threshold issue:  whether liability under Bivens may extend to the individual employees of a privately operated prison. For the following reasons, the Court concludes that Bivens should not be extended to the instant case and that Plaintiff's claims should be dismissed.[3]

"In Bivens, the Supreme Court held that 'violation of [the Fourth Amendment] by a federal agent acting under color of his authority gives rise to a cause of action for damages,' despite the absence of any federal statute creating liability." Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006)(quoting Bivens, 403 U.S. at 389). Nine years after its decision in Bivens, the Court extended Bivens to recognize an action against federal prison officials for violations of the Eighth Amendment. See generally Carlson v. Green, 446 U.S. 14 (1980). Nevertheless, in recent years the Court has "retreated from [its] previous willingness to imply a cause of action where Congress has not provided one." Correctional Services Corp. v. Malesko, 534 U.S. 61, 67 n.3 (2001). Rather, Bivens should only be extended "to provide an otherwise nonexistent cause of action against *individual officers* alleged to have acted

---

[3]The Court recognizes that, in the past, it has allowed similar Bivens claims to proceed beyond initial screening under §§ 1915(e) and 1915A. See, e.g., Padilla v. CCA, CV 304-011, doc. no. 17, p. 3 (S.D. Ga. Oct. 26, 2004)(citing Sarro, 248 F. Supp.2d at 55-61). However, the Court finds the reasoning of the Fourth and Tenth Circuits' recent decisions on the issue in Holly v. Scott, 434 F.3d 287 (4th Cir. 2006), and Peoples v. CCA Detention Centers, 422 F.3d 1090 (10th Cir. 2005), persuasive. Accordingly, the Court departs from its past practice and adopts the rationale of the Fourth and Tenth Circuits.

unconstitutionally, or to provide a cause of action for a plaintiff who lacked *any alternative remedy* for harms caused by an individual officer's unconstitutional conduct." Id. at 70. More generally, the purpose of Bivens liability "is to deter individual federal officers from committing constitutional violations." Id.

Bearing these principles in mind, the instant case does not present an occasion to extend Bivens. First, extending Bivens would not give Plaintiff "an otherwise nonexistent cause of action." Second, Plaintiff has an alternative remedy. Third, extending Bivens is not necessary to deter future unconstitutional conduct by federal officers.

To begin, as the Fourth Circuit has noted, the fact that Defendants are employees of a private corporation should "counsel[] hesitation" in extending Bivens. Holly, 434 F.3d at 291. If the purpose of Bivens is to deter federal government officials from misconduct, it would appear doubtful that Bivens should be applied to private citizens. Id. The Constitution itself is meant to circumscribe the limits of *government* action, not private action. Id. Of course, Plaintiff may argue that, in operating a private prison housing federal inmates, Defendants have become government actors. The Court rejects this argument. As noted by the Fourth Circuit, under the Supreme Court's decision in Richardson v. McKnight, 521 U.S. 399, 405 (1997), "the operation of prisons is not a 'public function.'" Holly, 434 F.3d at 293. As a result, it is difficult to see how Defendants' actions in connection with Plaintiff's medical care at a privately operated prison can be properly considered government action. See id. at 293-94.

More importantly, Plaintiff has an adequate remedy *against Defendants individually in state court.*

> Malesko indicates that a <u>Bivens</u> claim should not be implied unless the plaintiff has no other means of redress or unless he is seeking an otherwise nonexistent cause of action against the individual defendant. Therefore, [the Court] will not imply a <u>Bivens</u> cause of action for a prisoner held in a private prison facility when [the Court] conclude[s] that there exists an alternative cause of action arising under either state or federal law against the individual defendant for the harm created by the constitutional deprivation.

<u>Peoples v. CCA Detention Centers</u>, 422 F.3d 1090, 1103 (10th Cir. 2005); <u>see also</u> <u>Holly</u>, 434 F.3d at 295-96. "Because [Plaintiff] possesses an alternative remedy for his alleged injury, no action under [<u>Bivens</u>] lies." <u>Holly</u>, 343 F.3d at 297 (Motz, J., concurring).

Plaintiff alleges that Defendants provided him with substandard healthcare. Georgia clearly provides him with a tort remedy in state court. <u>See</u> O.C.G.A. § 9-3-70 (explaining that "medical malpractice" includes all claims "arising out of" "[h]ealth, medical, dental, or surgical service, diagnosis, prescription, treatment, or care"). Indeed, Plaintiff possesses an "arguably superior" cause of action "under the state law of negligence." <u>Holly</u>, 434 F.3d at 287. Georgia law provides Plaintiff with a cause of action for negligence and medical malpractice against Defendants. <u>See, e.g.</u>, <u>ARA Health Services v. Stitt</u>, 250 Ga. App. 420, 420, 551 S.E.2d 793, 794 (2001)(former inmate brought claims of negligence and medical malpractice against doctor, prison officials, and medical services corporation). Plaintiff may also sue for punitive damages. <u>See</u> <u>id.</u> In fact, in addition to his causes of action against individual Defendants, in state court Plaintiff may even be able to recover against CCA on a theory of *respondeat superior*, <u>see, e.g.</u>, <u>Dozier v. Clayton County Hosp. Auth.</u>, 206 Ga. App. 62, 64-65, 424 S.E.2d 632, 634-35 (1992), which would not be a cognizable basis for liability in a <u>Bivens</u> action. <u>See</u> <u>Gonzalez v. Reno</u>, 325 F.3d 1228, 1234 (11th Cir. 2003); <u>see also</u> <u>Malesko</u>, 534 U.S. at 63 (refusing to allow <u>Bivens</u> claim against private entity

5

operating a halfway house under contract with Bureau of Prisons).

In sum, Plaintiff has an adequate and effective remedy in state court against Defendants. As a result, extending liability in the instant case is not necessary either to afford Plaintiff with a remedy or to deter unconstitutional conduct. Indeed, Plaintiff possesses state law claims which "an inmate in a government-run facility would not have" because they would be barred by the Federal Tort Claims Act. Holly, 434 F.3d at 287. Having concluded that Bivens may not be extended to the instant case, Plaintiff's claims should be dismissed.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of April, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

6