UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| LUIS FRANCISCO ALBA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV 305-159 |
| ) | |
| SUSAN MONTFORD, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Alba, an inmate at McRae Correctional Facility, brings this pro se civil rights action pursuant to 42 U.S.C. §1983. Plaintiff has been granted in forma pauperis status, and the matter is now before this Court for initial screening pursuant to 28 U.S.C. §1915A. The Magistrate Judge recommends that the instant petition be dismissed for failure to state a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) against individual employees of a privately operated prison. After a careful, de novo review of the file, this Court concurs with the Magistrate Judge's Report and Recommendation, to which an objection has been filed.

## BACKGROUND

Plaintiff Alba filed this Section 1983 petition on November 29, 2005. He claims that an earlier surgery on a benign goiter in his throat failed, and as a result, his vocal cords were damaged. Plaintiff alleges that his vocal cords sustained additional damage

when, despite repeated requests to the McRae medical personnel, treatment was refused. Fifteen months after the first surgery failed, a specialist examined Plaintiff and recommended thyroplasty surgery. Plaintiff alleges that the medical personnel at McRay met and decided that this surgery was not covered because it was considered "elective" surgery by the Corrections Corporation of America ("CCA"). Plaintiff seeks five million dollars and corrective thyroplasty surgery.

The Magistrate Judge interprets the current Section 1983 complaint as a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Under Bivens and its progeny, the Supreme Court recognized an action against federal prison officials for violations of the Eighth and Fourth Amendments. However, the Report and Recommendation ("R & R") points out that the Fourth and Tenth Circuit courts have declined to extend liability under Bivens to employees of a private corporation, even if the private entity has contracted with the federal government to manage federal prisons. Therefore, the Magistrate Judge recommends dismissal of the current action.

Plaintiff Alba has objected to the R&R. He argues that private correctional employees become government actors when they are so entwined with government policies or so impregnated with a government character as to become subject to constitutional limitations placed upon government action. Alba argues that CCA employees are agents of the federal government because the government has delegated its authority to CCA and empowered CCA to provide medical care to inmates.

## ANALYSIS

Pursuant to 28 U.S.C. §1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the claims asserted are frivolous, malicious, or the petitioner has failed to state a claim upon which relief may be granted. A complaint may be dismissed without prejudice for failure to state a claim when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 28 U.S.C. § 1915(d) (2006). In order to state a Section 1983 claim for relief, Plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity protected by the Constitution or a statute of the United States and (2) the act or omission was committed by a person acting under color of state law. 42 U.S.C. §1983; Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

After a de novo review, this Court concurs with the Magistrate Judge's assessment that Plaintiff Alba's Section 1983 claim is properly construed as a Bivens claim. Plaintiff Alba is a federal prisoner. As such, the prison officials at McRae are not acting under color of state law, but federal law. The United States Supreme Court has stated that

> a *Bivens* action is the federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983. See also Waxman & Morrison, What Kind of Immunity? Federal Officers, State Criminal Law, and the Supremacy Clause, 112 Yale L.J. 2195, 2208 (2003) ( "Section 1983 applies . . . to state

and local officers, [and] the Supreme Court in *Bivens* . . . inferred a parallel damages action against federal officers").

Hartman v. Moore, 126 S.Ct. 1695, 1700 (2006). Moreover, the Southern District of Georgia has also construed Section 1983 claims against federal prison officials as Bivens actions. See, e.g., Nelson v. Chaney et al, CV 404-207 (S.D.Ga.) (Docs. 8 and 13).

Because Plaintiff Alba's claim is properly brought as a Bivens action, this Court must decide if a Bivens action can be brought against employees of a privately-run prison. The Magistrate Judge recommends following recent decisions from the Fourth and Tenth Circuit courts and dismissing the current action under the initial screening of 28 U.S.C. §1915A for failure to state a claim. The Magistrate Judge also acknowledges that a previous case from the Southern District of Georgia has allowed a prisoner to file a Bivens action against officers at a private prison. See Padilla v. CCA, CV 404-11. However, this Court chooses not to follow Padilla. Under the facts of the current case, this Court finds that the Padilla case is not binding.

This Court is persuaded by the reasoning set forth by the Tenth and Fourth Circuit Courts of Appeal that Plaintiff Alba has failed to state a claim upon which relief may be granted. The Tenth Circuit in Peoples v. CCA Detention Centers, 422 F.3d 1090, 1101 (10th Cir. 2005), held that there was no implied right to a private damages action under Bivens against employees of a private prison for alleged constitutional deprivations when

alternative causes of action were available to the plaintiff. See also Holly v. Scott, 434 F.3d 287 (4th Cir. 2006). The Tenth Circuit followed the Supreme Court in Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001), which reasoned that the purpose of Bivens is only "to provide an otherwise nonexistent cause of action against individual officers alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked any alternative remedy." Malesko, 534 U.S. at 70. The Tenth Circuit indicated that the plaintiff had an adequate state court remedy available to him and declined to extend Bivens.

Like the plaintiff in Peoples v. CCA Detention Centers, Plaintiff Alba has an alternative remedy in state court. Because Plaintiff Alba may bring a negligence claim against the individual medical personnel at McRae in state court, this Court follows the lead of the Tenth and Fourth Circuits and declines to extend Bivens to the facts of this case. Accordingly, this Court finds that the Plaintiff has failed to state a claim upon which relief may be granted.

However, the Court notes that Plaintiff Alba has expressed himself well as a pro se party. The Court recognizes the quality of Plaintiff's arguments and legal citations, and the Court has no doubt Plaintiff will represent himself well in any state court action he may bring.

## CONCLUSION

This Court finds that Plaintiff Alba has failed to state a claim for relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Accordingly, **IT IS HEREBY ORDERED** Plaintiff's claim is **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk is **DIRECTED** to close this case.

**SO ORDERED.**

*[signature]*
JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

Dated: July 24, 2006